UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MONROE L. COLEMAN-BEY<br>#01723-016<br>U.S. Penitentiary<br>P.O. Box 12015<br>Terre Haute, IN 47801<br><br>Plaintiff,<br><br>v.<br><br>United States of America<br><br>Defendant. | Civil Action No.: 06-_____ |

## NOTICE OF REMOVAL OF A CIVIL ACTION

The United States Attorney General, through the undersigned attorneys, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1441, 1442, 1446 and 1346. In support of that notice, the Attorney General states as follows:

1. The United States of America is the defendant in the civil action styled *Monroe L. Coleman-Bey v. United States of America*, now pending in the Superior Court of the District of Columbia, Case No. 06 CNC 2327.

2. The above-entitled action was filed on or around October 13, 2006, and a copy of the complaint is attached hereto as Exhibit A. The action has not yet proceeded to trial.

3. Plaintiff's complaint seeks the issuance of a Writ of Mandamus, pursuant to 28 U.S.C. §1651(a), compelling the Federal Bureau of Prisons to provide him with medication.

4. Plaintiff's claim is one for which the District Court has original jurisdiction, because

the suit is against the United States government, and therefore removal is authorized by 28 U.S.C. §§ 1441(a) and 1442.

WHEREFORE, this action now pending in the Superior Court of the District of Columbia is properly removed to this Court pursuant to 28 U.S.C. §§ 1441, 1442, 1346, 1446.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that service of the foregoing Notice of Removal of a Civil Matter has been made by mailing a copy thereof to:

MONROE L. COLEMAN-BEY
    #01723-016
    U.S. Penitentiary
    P.O. Box 12015
    Terre Haute, IN 47801

on this 31th day of October, 2006

                                              _____
                                              Rhonda C. Fields
                                              Assistant United States Attorney



SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
SPECIAL PROCEEDINGS DIVISION

**MONROE L. COLEMAN-BEY**
Petitioner

v.   Case No. 06 CNC 2327

**UNITED STATES OF AMERICA, et al.**
Respondent

### ORDER

On October 13, 2006, the Court received a Petition for Writ of Mandamus filed by Petitioner herein. No Certificate of Service is appended thereto and it is not clear whether or not the respondent listed in the pleading as United States of America, et al. has been served. Therefore, a copy of that Petition, along with the Court's order, is being forwarded to the United States Attorney for the District of Columbia for a reply. The same is to be filed with this Court by October 27, 2006.

**SO ORDERED.**

**Dated: October 17, 2006**

_____
Judge Bruce S. Mencher
(Signed in Chambers)

cc:  Monroe L. Coleman-Bey          United States Attorney's Office
     #01723-016                      Special Proceedings Division
     U.S. Penitentiary               10th Floor
     P.O. Box 12015                  555 Fourth Street, N.W.
     Terre Haute, IN  47801          Washington, D.C.  20530

RECEIVED
OCT 13 2006

D.C. SUPERIOR COURT
SPECIAL PROCEEDINGS DIVISION
WASHINGTON, D.C.

CHAMBERS OF
JUDGE JOHN M. CAMPBELL

MONROE L. COLEMAN-BEY,
    Petitioner,

06 CNC 2327

v.

Criminal Case No. F1258-85
Former Trial Judge: B.S. Mencher
Present Judge: John M. Campbell

UNITED STATES OF AMERICA, et al.
    Respondent.

PETITION FOR WRIT OF MANDAMUS

NOW COMES Petitioner, Monroe L. Coleman-Bey, pro se, pursuant to Title 28 U.S.C. §1651(a), and respectfully moves this Honorable Court to issue a Writ of Mandamus compelling the Federal Bureau of Prisons officials to provide petitioner with the necessary medication for Hepatitis C treatment.

JURISDICTION

18 U.S.C. Section 3553(d)
18 SECTIONS 4041 and 18 4042(a)(2)
28 U.S.C. SECTION 1651(a)

HISTORY OF CASE

The petitioner was tried, convicted, and sentenced to 44 years to Life in the D.C. Superior Court during and in 1985-1986, in Criminal Case No. F-1258-85.

The petitioner was transferred to the Bureau of Prisons ("BOP") based on the closing of the D.C. Department of Corrections via The Self-Improvement National Capitalization Act of 1997. Since petitioner arrival to the BOP he has been diagnosed as a carrier of the hepatitis C disease.

## SUPPORTING FACTS

1. Bureau of Prisons officials have intentionally denied denied and refused to provide this prisoner with necessary medication to prevent if possible future sickness due to Hepatitis C disease.

Based on deliberate indifference committed by BOP officials it seems that they are intentionally deprivating defendant of this requested medication because they care less about his health. See Priest v. Cupp, 545 P.2d 917 (Or. Ct. App. 1976). In Priest v. Cupp, supra, the court explained * * * what is required is that the inmate be afforded such medical care, in the form of diagnosis and treatment, as is reasonably available under the circumstances of his confinement and medical condition. See also general standards of the American Correctional Association relating to medical services for prisoners; the adequate treatment for the chronically ill. See Gates v. Collier, 501 F.2d 1291 (5th Cir. 1974); Boyce v. Alizadur, 595 F.2d 948 (4th Cir. 1979); Shepard v. Stidham, 502 F. Supp. 1275 (M.D. Ala., 1980).

2. Cruel And Unusual Punishment - A two Prong Test.

Petitioner first must show that the alleged deprivation is sufficiently serious to be considered cruel and unusual. Pryor-El v. Kelly, 892 F. Supp. 261,266 (D.D.C. 1995). Second, petitioner must show that he was deprived of humane conditions because BOP officials knowingly disregarded "an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. A respondent-defendant "must both be aware of [the] facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." See Cox v. District of Columbia, 834 F. Supp. 439,444 (D.D.C. 1992).

Petitioner makes known to prison officials that such illnes causes over-sleeping, hostile attitude, worrying, contemplating early death, sometimes suicidal thoughts, unable to speak on the reactions caused by having the disease, and lack of exercise or the drive to exercise.

3. Petitioner denied a right secured to him by either the Constitution and/or a specific federal statute.

A federal right does exists. This inmate has a federally protected right to health care which is a violation of Eighth Amendment rights when there is an intentional denial of needed medical care, or when a prison official's conduct indicates deliberate indifference to the medical needs of inmates. See, Priest v. Cupp, supra, 545 P.2d 917; (a) protection of an inmate's life and health

- 3 -

from administrative action. See Hoitt v. Vitek, 497 F.2d 598 (1st Cir. 1974); Runnels v. Rosendale, 499 F.2d 733 (9th Cir. 1974); Johnson v. Harris, 479 F. Supp. 333 (S.D.N.Y. 1979); and (b) right to free from the infliction of cruel and unusual punishments as guaranteed by the Eighth Amendment. Bishop v. Stoneman, 508 F.2d 1224 (2d Cir. 1974); Russell v. Shefter, 528 F.2d 318 (4th Cir. 1975). See comment, The Eighth Amendment; medical treatment of prisoners as Cruel and Unusual Punishment, 1 CAP. U.L. REV 83 (1972). Estelle v. Gamble, 429 U.S. 97 (1976); Barks v. Teasdale, 492 F. Supp. 650 (W.D. MO. 1980); Hampton v. Holmes Prison officials, 546 F.2d 1077 (3d Cir. 1976); Kelsey v. Ewing, 652 F.2d 4 (8th Cir. 1981); Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754 (3d Cir. 1979); Duncan v. Duckworth, 644 F.2d 653 (7th Cir. 1981).

Violation of Eighth Amendment rights has been found when there is an intentional denial of needed medical care [18 U.S.C. §§ 4041 and 4042(a)(2) Duties-Bureau of Prisons, officials exceeding its own Statutory Intent], or when a prison official's conduct indicates deliberate indifference to the medical needs of inmates.

## ARGUMENT

4. 28 U.S.C. § 1671(a) provides:

"...all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and

principles of law."

5. The extraordinary remedy of mandamus traditionally lies within the Court's discretion, All Writs Statute, 28 U.S.C. § 1651(a)(1988), which provides:

The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law. However, this court has both inherent and statutory authority to issue the writs.

With hope that this Honorable Court will make known to BOP officials that they have exceeded the Bureau of Prisons statutory intent established by U.S.C. 18 Sections 4041 and 4042(a)(2). And petitioner submits that it is appropriate for the Superior Court here to exercise that discretion to compel the Federal Bureau of Prisons to provide the petitioner with the needed hepatitis C medication as soon as possible if not immediately on or before 2007.

6. Petitioner has exhausted his administrative remedy which is pending before the Director's office of the Bureau of Prisons located at 320 First Street, N.W., Washington, D.C. 20305, which the complaint is founded on deliberate indifference * * *.

### RELIEF

Petitioner seeks an order compelling the respondents to provide

petitioner with the necessary hepatitis c medication and/or any other relief this Court's deems just.

WHEREFORE, all premises considered, petitioner prays that the foregoing petition is granted and a writ of mandamus be issued immediately forthwith to prevent if possible future sickness due to Hepatitis C request or need for medication.

Dated: October 6th, 2006

Respectfully submitted,

Monroe L. Coleman-Bey
Fed. # 01723-016
DCDC 188-568
US Penitentiary
P.O. Box 12015
Terre Haute, IN 47801

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Special Proceedings Division

| | |
|---|---|
| MONROE L. COLEMAN-BEY )<br>)<br>v.                                    )<br>)<br>UNITED STATES OF AMERICA, et al.  )<br>)<br>Defendant,                     )<br>_____) | Case No. 06 CNC 2327<br><br>Judge John M. Campbell |

## NOTICE OF FILING OF NOTICE OF REMOVAL OF A CIVIL MATTER

To:   MONROE L. COLEMAN-BEY
       #01723-016
       U.S. Penitentiary
       P.O. Box 12015
       Terre Haute, IN 47801

PLEASE TAKE NOTE that on October 30, 2006, the United States of America, the named defendant in this matter, filed with the Clerk of the United States District Court for the District of Columbia a Notice of Removal of the above captioned case, pursuant to 28 U.S.C. §§ 1441, 1442, 1446 and 1346.

The Superior Court of the District of Columbia "shall proceed no further unless and until

the [matter] is remanded." See 28 U.S.C. § 1446(d).  A copy of the Notice of Removal is attached hereto.

Respectfully submitted,

*/s/ Jeffrey A. Taylor*
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

*/s/ Rudolph Contreras*
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

*/s/ Rhonda C. Fields*
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
202/514/6970

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Notice of Filing of Notice of Removal of a Subpoena Matter has been made by mailing a copy thereof to:

MONROE L. COLEMAN-BEY
    #01723-016
    U.S. Penitentiary
    P.O. Box 12015
    Terre Haute, IN 47801

on this 31st day of October, 2006

                        /s/ Rhonda C. Fields
                        Rhonda C. Fields
                        Assistant United States Attorney

# CIVIL COVER SHEET

JS-44
(Rev. 2/01 DC)

## I (a) PLAINTIFFS
MONROE L. COLEMAN-BEY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Terra Haute, IN
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
MONROE L. COLEMAN-BEY, Pro Se
#01723-016
U.S. Penitentiary
P.O. Box 12015
Terra Haute, IN 47801

## DEFENDANTS
UNITED STATES OF AMERICA

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: In land condemnation cases, use the location of the tract of land involved.

**ATTORNEYS (IF KNOWN)**
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
202/514/6970

## II BASIS OF JURISDICTION
(SELECT ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (SELECT ONE FOR PLAINTIFF AND ONE FOR DEFENDANT)
(FOR DIVERSITY CASES ONLY!)

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Select one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
- ☐ 410 Antitrust

### ● B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes:**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction
Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☒ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ○ G. Habeas Corpus/2255 | ○ H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding    ● 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Prisoner writ of Mandamus pursuant to 28 U.S.C. 1651(a). removed pursuant to 28 USC 1441, 1442, 1446, and 1346

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐  DEMAND $ _____  Select YES only if demanded in complaint  JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction)  ☐ YES ☒ NO  If yes, please complete related case form.

DATE 10-30-06  SIGNATURE OF ATTORNEY OF RECORD _____

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.