UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MONROE L. COLEMAN-BEY,
　　　　Plaintiff,

　　v.　　　　　　　　　　　　　　　Civil Action No. 06-cv-1855(JDB)

UNITED STATES OF AMERICA, et al.,
　　　　Defendants.

PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS ***

NOW COMES Monroe L. Coleman-Bey, pro se, stating and showing consti-
tutional deprivation of his rights by deliberate acts committed
by the named defendants in the above caption.

　　Plaintiff states the followings as facts not to dismiss his
claims that are founded and governed by the principles and spirit
of the United States Constitution:

　　1)　The first page Statement of Material Facts by the defendants
at bullet 3, is a contradiction to what the defendant had previously
alleged, "the Ultrasound of the liver *** is essentially normal
at this time." See Dec. at defendants' 15; see also 28 C.F.R.
§549.10 infectious disease. Meaning, "liver biopsy is currently
the best marker for determining who should be offered antiviral
therapy for hepatitis C." Therefore, without the biopsy the Ultra-
sound results are meaningless. See Declaration of Thomas A. Webster
page 2 bullet 3 *** "liver biopsy is currently the best marker

**RECEIVED**

MAR 1 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

for determining who should be offered antiviarl therapy for hepatitis
C." See also page 3 at 8 and bullet one.

2)   Defendants state, "Although current antiviral therapy
is usually well tolerated, serious drug side effects may occur."
Well tolerated, but the defendants are trying to determine or
find another means to continue denying plaintiff treatment and
medication. No one can determine what harmful side effects if
any will occur to plaintiff until the medication is prescribed
and provided to him.

3)   Another fact that needs consideration. It is a proven
fact that those psychotropic drugs will not cure any mental defects
or serious dysfunctional mental problems, which plaintiff claims
he is free of. However, plaintiff makes known that he was on
psychotropic medication which the side effects effected his eye
sight [he now wears eye glasses], he was unable to walk straight,
he walked too slow, he would set around as though he was not in
his body, dry mouth, slur speech, shaking of the hand making it
difficult to write, unable to think properly or concentrate of
anything, unable to exercise, and these side effect results are
on record with the psychology department at U.S. Penitentiary
Big Sandy located in Inez, Kentucky.

4)   Plaintiff is in a Faith Base Life Connections Program
which was established by President George W. Bush. While plaintiff
was housed and using that psychotropic medication under the care
and custody of Chief Psychologist, Dr. Terry King of U.S. Penitentiary

Big Sandy located in Inez, Kentucky where Dr. Terry King stated
to plaintiff, "your problem is may not be psychological but spirit-
ual."  Thereafter, Dr. Terry King helped and personally got involved
with having plaintiff transferred to U.S. Penitentiary Terre Haute
in Terre Haute, Indiana to participate in the Life Connections
Program.

    5)  On defendants' page 4 bullet 2 there Genotypes 1, 4,
5, and 6 are mentioned which plaintiff has Genotype 1.  See Declara-
tion of Thomas A. Webster at page 1 "Coleman's medical records
indicate *** (genotype 1);" also Defendants' Motion To Dismiss
*** 10 of 31 paragraph 2 whereas page 28 of 31 of Defendants'
Motion To Dismiss *** states, "Genotypes 1, 4, 5, and 6:  Liver
biopsy is generally indicated for all inmates with these genotypes,
since treatment is less effective in these patients."

    6)  Plaintiff do not believe nor recall an Ultrasound pre-
viously being conducted on him during the month of August, 2006.
He therefore request that the defendants prove by his signature
or any other evidence showing such took place if no conspiracy
exists regarding denial of plaintiff's health treatment.

    7)  The only reason defendants are temporary cooperating
with certain requests of plaintiff by providing him with hepatitis
A vaccination and Ultrasound [1-29-07] is due to this Honorable
Court's involvement.  The defendants know the court will monitor
their actions to whether they amount to an Eighth Amendment viola-
tion.  Also, Policy directives do not, however, have the force

of law.  Such policy directives can amount to negligence and delibe-
rate indifferenc committed by defendants named herein.  Thus,
the policy directives could be offered only as "evidence of stan-
dard of care" which falls short of satisfying the actual health
care problem.

8)   Defendants' Motion To Dismiss ***, at page 5 of 31 para-
graph 4 there is no live enzyme test or profile showing to the
recollection of plaintiff existed regarding his condition as stated
by defendants.

9)   Defendants' Motion To Dismiss ***, at page 6 of 31 para-
graph 2, there is no fact whatsoever in 2000 that plaintiff "tried
putting rope around neck" as stated by defendant.

10)  Since the defendants are aware that plaintiff has hepatitis
C why wait before giving him the hepatitis B vaccination.  This
appears to be another poor excuse used by defendants with their
intentional infliction of emotional distress placed upon plaintiff.
Truthfully speaking, the defendants need to say, "Coleman-Bey,
we want you to die [like Sylvester Howard] before we will provide
you with an expensive medical drug."  It may sound imaginary but
it is a proven fact so far.

11)  Contradictions committed by defendants:  Declaration
of Dr. Thomas A. Webster page 6 No. 13.  "He does not have abnormal
ALT values."  But review the facts mentioned in Guidelines for
the Prevention and Treatment of Viral Hepatitis at ALT levels
on page 8 of 18.  "The decision to obtain a liver biopsy should

not be strongly based on ALT levels" ***.  See also page 2 of
Declaration of Thomas A. Webster bullet 2 "no laboratory parameters
definitively predict which persons infected with HCV will develop
cirrhosis or will respond to medical therapy."

12) Plaintiff refute the declaration of Bruce Plumley state-
ment on 15 of 26 because plaintiff's administrative complaint
is still pending in the District of Columbia Central Office of
the Bureau of Prisons, Director, Harley Lappin, which plaintiff
complaints thereafter previous filing stand or represent Exhibits
supporting plaintiff's position for Cruel and Unusual Punishment,
deliberate indifference, and negligence each committed by these
defendants named herein.  See attached sheets.  Defendants request
for Extension of Time For Response.  Furthermore, defendants are
using subjective decisions and methods as a mean to continue denial
and discriminatory practice against plaintiff from receiving the
proper and prompt medication needed or required for sickness of
an hepatitis C victim as well as carrier.

13) Plaintiff challenges the Bureau of Prisons community
standards Policy of Defendants' Motion To Dismiss *** at page
9 of 31 paragraph 4.

14) Defendants state plaintiff is mentally sick and not
qualified for hepatitis C medication, further stating he is not
qualified for treatment.  Such a poor excuse and if that was true,
[bipolar will reject the medication] does that mean plaintiff
should die of the disease before he is allowed medical treatment?

Page 10 of 31 paragraph 2 of Defendants' Motion To Dismiss ***.

15)  Plaintiff requests a CDC (Central Disease Center) Infectious Disease E/xpert testify before this Court regarding the necessary treatment for hepatitis C in this case notwithstanding the cost.  Also, the expert can testify whether genotype 1 treatment is necessary.  See Defendants' Motion To Dismiss, *** page 11 of 31 paragraph 2.

16)  Plaintiff has submitted to this Court that he has filed an administrative complainti which has been pending since the third quarter of 2006.  See attached Exhibit "Extension of Time For Response.

17)  Plaintiff has established in the above numbers facts entitling him to relief sought.  Second, the defendants have a constitutional duty and obligation based on the D.C. National Capital Revitalization Self Improvement Act of 1997 as well as the federal constitution to act on protecting plaintiff's health especially after he has waited several years without medication, and continuous procrastination may or will result in health failure due to denial of medical treatment like the death of Slyvester Howard; and third, there is no other legal remedy or avenue available for relief especially to compel the bureau of prisons, United States government, and the District of Columbia government to provide the necessary medical treatment required for plaintiff's illness.  Furthermore, had plaintiff been living in society he would have received medical treatment without a doubt.  Meaning

the defendants only decision is lack of care and concern for plain-
tiff especially due to him being a prisoner, an indigent, his
religious belief, and hue.  The "Law must not only authorize the
demanded action, but require it; the duty must be clear and undis-
putable." 13th Regional Corp. v. U.S. Dep't of the Interior,
654 F.2d 758,760(D.C. Cir. 1980)(quoting United States ex rel.
McLennan v. Wilbur, 283 U.S. 414,420...(1931)).  See also Jones
v. United States, 91 F.3d 623,624(3d Cir. 1996); Jones, 543 F.2d
___; 18 U.S.C. §4041-4042; D.C. National Capital Revitalization
Self Improvement Act of 1997.

   To provide treatement and care and concern to the plaintiff
must be an obligation and done by the defendants.  See Albers
v. Ralston, 665 F.2d 812,816£8th Cir. 1981·; Lenza v. Wyrick,
665 F.2d 804; Burton v. Ciccone, 484 F.2d 1332,1324(8th Cir. 1973)
which the Bureau of Prisons is bound to comply with its own Rules
and Regulations.

   18)  In the information provided by defendants' on Hepatitis
C page 10 of 28, Is there a vaccine for hepatitis C?  *** "If
you have hepatitis C, you are more likely to catch hepatitis A
or hepatitis B, and that would cause more damage to your liver."
Therefore, every day that goes by without proper medical treatment
plaintiff is subjected to more damage to the live when he needs
hepatitis B vaccine to cure other harmful damage while waiting
for hepatitis C treatment to hinder further damage to the liver.

   20)  There is no dietitian available at this prison to assist

or provide plaintiff with proper information and eating instructions. Furthermore, plaintiff attempted to receive Common Fair dietitian meals due to health reason but was denied by Chaplain Upton and/or the prison officials who are agents of the defendants.

21)  "Side effects of hepatitis C treatment are usually worst during the first few weeks of treatment and become less severe over time." Nothing mentioned the side effects will be permanent. See Hepatitis C at page 12 of 28.

22)  It is requested that this Court ask defendants to provide it with the list of named prisoners to determine how many are on the hepatitis C B vaccination waiting list, for how long and possibly when will plaintiff receive the hepatitis C B vaccination?

23)  Same page 12 of 28, How can I cope with my feelings about having hepatitis C? The disease itself causes depression, feeling agitated, cranky or sluggish may justify plaintiff's previous mood swings which led to a worthless life because prison officials refuse to show any concern for the disease he carries. Without any support and assistance from this Honorable Court plaintiff fights a useless battle against defendants.

24)  On page 23 of 28 the last paragraph mentions the seriousness of genotype 1 HCV being recommended a relatively high-dose medication for 48 weeks compare to other genotypes.

25)  On page 26 of 28 "although a biopsy isn't necessary to confirm a diagnosis of hepatitis C, it can help determine the severity of the disease and guide treatment decisions."

26)  On page 7 of 18 Guidelines for the Prevention and Treatment of Viral Hepatitis Mental illness:  *** shines some light on what the defendants were saying about Plaintiff's sadness and depression felt due to neglect from the actions of District of Columbia government officials who are told in the D.C. National Capital Revitalization Self Improvement Act of 1997 to monitor all D.C. prisoners medical jackets during each and year which the D.C. government officials have failed intentionally to do as well as bureau of prisons officials not showing any care or concern for D.C. prisoners, and the United States Government or its agents have also shown its lack of care and concern for D.C. prisoner(s).

27)  On page 8 of 18 Guidelines for the Prevention and Treatment of Viral Hepatitis ALT levels: The decision to obtain a liver biopsy should not be strongly based on ALT levels."

## CONCLUSION

For the above reasons plaintiff prays and hope this Honorable Court will not dismiss his claims nor transfer said civil case to Indiana which will further a prolonged period for treatment.

## CERTIFICATE OF SERVICE

I, Monroe L. Coleman-Bey, pro se hereby states that the foregoing motion copy has been mailed to the followings: On 3/8/07:

AUSA, Rhonda C. Fields
Civil Division, 555 Fourth St., N.W.
Washington, D.C. 20530

FBOP, Dir. Harley Lippin
320 First St., N.W.
Washington, D.C. 20001

D.C. Gov't, Mayor, Adrian Fenty
1350 Penn., Ave., N.W., Washington, D.C.

Respectfully submitted,

Monroe L. Coleman-Bey, pro se
#01723-016, U.S.P.
P.O. Box 12015
Terre Haute, IN 47801

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MONROE L. COLEMAN
　　　Affiant/Plaintiff,

　　　v.　　　　　　　　　　　　　　　Civil Action No. 06-1855(JDB)

UNITED STATES OF AMERICA, et al.
　　　　　　Defendants.

AFFIDAVIT

I, Monroe L. Coleman, the affiant/plaintiff in the abo/ve caption

case number was informed on March 5, 2007, by witness of prison

call-out to see Dr. Thomas A. Webster who works as an agent for

the defendants at U.S. Penitentiary Terre Haute, Terre Haute,

Indiana 47801.  Affiant/plaintiff appeared before Dr. Thomas A.

Webster due to an update regarding affiant/plaintiff's health status

and to inform affiant/plaintiff of referring him to Psychology

Service concerning hepatitis C medical treatment.

I, Monroe L. Coleman, the affiant/plaintiff in this matter was

told by Dr. Thomas A. Webster, "I didn't prepare that declaration

[dated February 20, 2007] on you, Central Office did it I only

signed it."  This was said in regards to affiant/plaintiff question-

ing the declaration.  But the statement of Dr. Webster gave the

impression that he had no opinion or was able to present his know-

ledge on the matter concerning affiant/plaintiff's health or mental

state.  Not only is this acts of conspiracy and fraudulent like
a shame to cover-up the wrongful actions as well as the misdeeds
committed by the defendants, but the intentionally showing of
affiant/plaintiff's constitutional right under the Eighth Amendment.
Therefore, this is a proven fact that defendants' agent Dr. Thomas
A. Webster was forced to sign a declaration dated February 20,
2007, which he had no true knowledge of affiant/plaintiff's medical
condition notwithstanding Dr. Thomas A. Webster oversees Coleman's
medical jacket.  Nor is it uncertain that the defendants lied when
stated affiant/plaintiff mental health will interfere with the
medication "interferon", when Dr. Thomas A. Webster made mentioned
to Coleman on March 6, 2007, "I must schedule you to see the psycholo-
gist for hepatitis C treatment."  Also, Dr. Thomas A. Webster said,
"in August the 14th, 2006, you had blood drawn only."  This also
helps to confirm affiant/plaintiff's position that no argument pre-
sented by defendants should stand along with their motion for dismiss-
al.

For the above reasons mentioned by affiant/plaintiff he states this
is another reason for this Court to grant him the relief sought and
for the court if necessary to question Dr. Thomas A. Webster on these
words of this affidavit.  Once this affidavit has proven its asser-
tion Coleman request dismissal of defendants' opposition as untrue,
unfounded, and told as lies to this Honorable Court.
Thus, affiant/plaintiff hopes this can S H O W contradiction in

-2-

defendants' actions by doing what they should had done previous
compare to Coleman filing for legal assistance from this Honorable
Court.  The defendants have said one thing while their actions have
said another like a cunning fox waiting on its prey.

I, Monroe L. Coleman, affiant/plaintiff in Civil Action No. 06-cv-
1855(JDB) request discovery of Title 28 U.S.C. §56 to show those
proven facts of conspiracy, negligence, diliberate indifference,
and constitutional violation of Eighth Amendment which the misbehavior
acts of defendants have caused Coleman unnecessary emotional distress,
mental anguish, and unwelcoming health and mental problems as well

as unneccessary mental stress to his family.

I, Monroe L. Coleman, swear under the penalty of perjury that every
word stated herein is true and correct to the best of my recollection.
Dated March 6, 2007.

Respectfully submitted,

Monroe L. Coleman
#01723-016
U.S. Penitentiary
P.O. Box 12015
Terre Haute, IN 47801

cc:  Inmate's Medical Jacket

     Regional Director's Office
     Kansas City, Kansas

     Defendants, et al.

Exhibit
3-6-07

```
PAGE 002              *        TERRE HAUTE USP          *        03-05-2007
                                                                 14:54:14

REG NO      NAME          FROM         TO          TIME   CATEGORY(2)   CATEGORY(3)

CALLOUTS   FOR  03-06-2007                          QTR ASGN      WRK ASGN
---------------------------------
02946-043  CAMPBELL                 LCP CHAPEL   1000   D01-231L    D1 ORD
                                    VT ROOM      1300   D01-231L    D1 ORD
                                    LCP UNIT     1800   D01-231L    D1 ORD
01723-016  COLEMAN                  CCC MD1      0900   D01-206L    D1 ORD
                                    LCP CHAPEL   1000   D01-206L    D1 ORD
                                    VT ROOM      1400   D01-206L    D1 ORD
                                    LCP UNIT     1800   D01-206L    D1 ORD
03849-090  HALE                     LCP CHAPEL   1000   D01-216L    D1 ORD
                                    LCP UNIT     1800   D01-216L    D1 ORD
39324-060  HURST                    LCP CHAPEL   1000   D01-223U    D1 ORD
                                    LCP UNIT     1800   D01-223U    D1 ORD
09696-076  MOFFITT                  LCP CHAPEL   1000   D01-204L    D1 ORD
                                    LCP UNIT     1800   D01-204L    D1 ORD
07456-032  STONE                    LCP CHAPEL   1000   D01-230L    D1 ORD
                                    LCP UNIT     1800   D01-230L    D1 ORD
66444-061  WATKINS                  LCP CHAPEL   1000   D01-112L    D1 ORD
                                    LCP UNIT     1800   D01-112L    D1 ORD
08358-029  WILLIAMS                 LCP CHAPEL   1000   D01-222L    D1 ORD
                                    LCP UNIT     1800   D01-222L    D1 ORD
04563-028  GREGORY                  EDUCATION    0730   D02-125L    D2 ORD
07084-033  SUTTON                   EDUCATION    0730   D02-214L    D2 ORD
28208-112  BERKLEY                  EDUCATION    1800   F02-228U    EDUCATION
09268-085  BROWN                    EDUCATION    0730   E02-220U    EDUCATION
09816-032  MANUS                    F1 CSW       0900   A01-105LH   EDUCATION
14542-058  SPRING                   LCP CHAPEL   1000   D01-213U    EDUCATION
                                    LCP UNIT     1800   D01-213U    EDUCATION
42893-054  DOWTIN                   LAB          0900   E01-212L    E1 ORD
00212-748  EDWARDS                  EDUCATION    0730   E01-231L    E1 ORD
04732-007  NORWOOD                  EDUCATION    0730   E01-104L    E1 ORD
                                    EKG          0800   E01-104L    E1 ORD
                                    HOSPITAL     1200   E01-104L    E1 ORD
22355-034  SHORT                    EDUCATION    0730   E01-205L    E1 ORD
15304-075  JONES                    EDUCATION    0730   E02-124U    E2 ORD
13365-112  LOPEZ                    EDUCATION    0730   E02-121L    E2 ORD
04572-028  MORROW                   LCP CHAPEL   1000   D01-127L    FS-ADMIN
                                    LCP UNIT     1230   D01-127L    FS-ADMIN
                                    VT ROOM      1300   D01-127L    FS-ADMIN
32222-007  GRAVES                   EDUCATION    0730   E01-127L    FS-AM COOK
08001-424  JAMES                    EDUCATION    0730   C01-219U    FS-AM COOK
09416-007  MCRAE                    EDUCATION    0730   E02-110U    FS-AM COOK
40171-074  SHROPSHIRE               LCP CHAPEL   1000   D01-113L    FS-AM COOK
                                    LCP UNIT     1230   D01-113U    FS-AM COOK
07774-045  VEST                     EDUCATION    0730   C02-116U    FS-AM COOK
52013-080  ALTAMIRANO               EDUCATION    0730   E02-224L    FS-AM DIN
12693-058  BLOCKER                  EDUCATION    0730   E02-106U    FS-AM DIN
27059-083  COBBS                    LCP CHAPEL   1000   D01-118U    FS-AM DIN

           MORE PAGES TO FOLLOW . . .
```

EXTENSION OF TIME FOR RESPONSE – ADMINISTRATIVE REMEDY


DATE: JANUARY 19, 2007


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      TERRE HAUTE USP

TO  : MONROE L COLEMAN, 01723-016
      TERRE HAUTE USP    UNT: D/E    QTR: D01-206L


ADDITIONAL TIME IS NEEDED TO RESPOND TO THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW.  WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.


REMEDY ID      : 435919-F1
DATE RECEIVED  : DECEMBER 7, 2006
RESPONSE DUE   : JANUARY 16, 2007
SUBJECT 1      : MEDICAL CARE - DELAY OR ACCESS TO
SUBJECT 2      : MEDICAL CARE - IMPROPER OR INADEQUATE
INCIDENT RPT NO:

Rec.  1-24-07

(2)

**Administrative Remedy Number 415820-A2**
**Part B - Response**

You request treatment for hepatitis C.

Our review of this matter reveals both the Warden and Regional Director have adequately addressed your concerns. Relevant portions of your medical record have been reviewed which reveal you have a history of hepatitis C. Your hepatitis C is a genotype 1, which does not respond as well to treatment. In addition, you have a history of bipolar disorder, which increases your risk of negative side effects from the requested medication. All these factors are carefully weighed before considering the nature and extent of treatment for hepatitis C. Your diagnostic studies and clinical status do not meet the criteria for initiation of treatment at this time. However, you will be monitored in Chronic Care Clinic to assess the status of your disease on a regular basis, and treatment will be initiated when and if considered to be medically-indicated.

It is evident you have received prompt, professional medical care consistent with reasonable community standards and Bureau of Prisons' policy.

This response is for informational purposes only.

December 27, 2006
Date

Harrell Watts, Administrator
National Inmate Appeals

Rec. 1-10-07

(5)

RECEIPT - ADMINISTRATIVE REMEDY


DATE: DECEMBER 28, 2006


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      TERRE HAUTE USP

TO  : MONROE L COLEMAN, 01723-016
      TERRE HAUTE USP    UNT: D/E    QTR: D01-206L


THIS ACKNOWLEDGES THE RECEIPT OF THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW:

REMEDY ID      : 435919-F1
DATE RECEIVED  : DECEMBER 7, 2006
RESPONSE DUE   : DECEMBER 27, 2006
SUBJECT 1      : MEDICAL CARE - DELAY OR ACCESS TO
SUBJECT 2      : MEDICAL CARE - IMPROPER OR INADEQUATE
INCIDENT RPT NO:


Rec, 1-3-07

EXTENSION OF TIME FOR RESPONSE - ADMINISTRATIVE REMEDY


DATE: NOVEMBER 16, 2006


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : MONROE L COLEMAN, 01723-016
      TERRE HAUTE USP     UNT: D/E     QTR: D01-206L


ADDITIONAL TIME IS NEEDED TO RESPOND TO THE CENTRAL OFFICE APPEAL
IDENTIFIED BELOW.  WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.

REMEDY ID      : 415820-A2
DATE RECEIVED  : OCTOBER 10, 2006
RESPONSE DUE   : DECEMBER 9, 2006
SUBJECT 1      : MEDICAL CARE - IMPROPER OR INADEQUATE
SUBJECT 2      :
INCIDENT RPT NO:

EXTENSION OF TIME FOR RESPONSE - ADMINISTRATIVE REMEDY


DATE: NOVEMBER 16, 2006


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      CENTRAL OFFICE

TO  : MONROE L COLEMAN, 01723-016
      TERRE HAUTE USP    UNT: D/E    QTR: D01-206L


ADDITIONAL TIME IS NEEDED TO RESPOND TO THE CENTRAL OFFICE APPEAL
IDENTIFIED BELOW.  WE ARE EXTENDING THE TIME FOR RESPONSE AS PROVIDED
FOR IN THE ADMINISTRATIVE REMEDY PROGRAM STATEMENT.


REMEDY ID      : 415824-A1
DATE RECEIVED  : SEPTEMBER 20, 2006
RESPONSE DUE   : NOVEMBER 19, 2006
SUBJECT 1      : OTHER MEDICAL MATTERS
SUBJECT 2      :
INCIDENT RPT NO:


from English

Rec.  11-19-06

(6)

**Administrative Remedy Number 415824-A1**
**Part B - Response**

You contend you have not had blood drawn to assess your chronic medical condition. Specifically, you request laboratory testing and medication for Hepatitis C.

Our review of this matter reveals both the Warden and Regional Director have adequately addressed your concerns. Relevant portions of your medical record have been reviewed which reveal laboratory studies were performed on August 14, 2006. Results of these tests indicate you have hepatitis C. Medical staff follow the Bureau of Prisons' Clinical Practice Guidelines in the management and treatment of hepatitis C. Based upon your genotype, you meet the criteria for interval monitoring of lab work and clinical evaluation during chronic care visits. Hepatitis treatment decisions are made on a case-by-case basis in relation to objective clinical findings.

It is evident you have received prompt, professional medical care consistent with reasonable community standards and Bureau of Prisons' policy.

This response is for informational purposes only.


_November 13, 2006_
Date

_Harrell Watts, Administrator_
National Inmate Appeals

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MONROE L. COLEMAN-BEY
        Plaintiff,

        v.                              Civil Action No. 06-1855(JDB)

UNITED STATES OF AMERICA, et al.
        Defendants.

ORDER

    Upon consideration of Plaintiff's Opposition To Defendants'

Motion To Dismiss ***, defendants' allegations thereto, has failed

to substantiate reason to dismiss plaintiff's claims, it is hereby

    ORDERED that Plaintiff's motion is GRANTED

Dated: _____         _____

                              UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MONROE L. COLEMAN-BEY
        Plaintiff,

        v.                                    Civil Action No. 06-1855(JDB)

UNITED STATES OF AMERICA, et al.
        Defendants

ORDER

Upon consideration of Plaintiff's Oposition To Defendants'
Motion To Dismiss ***, defendants' request for venue *** thereto,
has failed to show reason to transfer civil action to U.S. District
Court located in Southern District of Indiana.

Furthermore, Plaintiff initial complaint to the D.C. Superior
Court stated **et al** which consisted of defendants of the District
of Columbia government officials, Federal Bureau of Prisons Agency
located in the District of Columbia including United States Department
of Justice Agency.  Finally, this Court is aware plaintiff is
proceeding pro se and plaintiff appears to possess very limited
knowledge of federal civil law and procedures, and for such reasons
this Court will hold plaintiff to less stringent than those held
upon trained lawyers.  See Haines v. Kerner, 404 U.S. 519(1972).

It is hereby ORDERED that Plaintiff's motion is GRANTED

Dated: _____        _____
                             UNITED STATES DISTRICT JUDGE