UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MONROE L. COLEMAN-BEY,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civil Action No. 06-1855 (JDB)

MEMORANDUM OPINION

Petitioner initially filed this petition for writ of mandamus in the Superior Court of the District of Columbia. Respondent filed a Notice of Removal on October 31, 2006. This matter is before the Court on the United States of America's motion to dismiss or, in the alternative, for summary judgment. For the reasons stated herein, the summary judgment motion will be granted and the petition will be denied.

I.  BACKGROUND

Petitioner is a District of Columbia prisoner who currently is serving his sentence in the custody of the Federal Bureau of Prisons ("BOP") at the United States Penitentiary in Terre Haute, Indiana ("USP Terre Haute"). *See* Petition for Writ of Mandamus ("Pet.") at 1. He has a diagnosis of Chronic Hepatitis C (genotype 1) ("HCV"). Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss or in the Alternative for Summary Judgment

("Resp't Mot."), Declaration of Thomas A. Webster ("Webster Decl.") ¶ 2; Pet. at 2.[1] Generally, petitioner alleges he has a "federally protected right to health care," and that BOP officials intentionally have deprived him of adequate treatment for his condition. Pet. at 3-4. According to plaintiff, defendant should prescribe medication, *id.* at 5, and he should undergo a biopsy of the liver. *See* Civil Statement [Dkt. #12] at 1; Petitioner's Memorandum in Opposition to Defendants' Motion to Dismiss ("Pet'r Opp'n") ¶¶ 1-2, 5, 8, 10.

Petitioner brings this action against the United States of America on the ground that BOP's acts, or failures to act, violate rights protected under the Eighth Amendment to the United States Constitution. *See* Pet. at 3-4. He demands an Order directing respondent to provide him "with the necessary [H]epatitis [C] medication and/or any other relief this Court[] deems just." *Id.* at 6.

## II.  DISCUSSION

The Court presumes without deciding that petitioner has exhausted all available administrative remedies, that service of process on respondent was proper, and that venue in this district is proper.

### A.  Petitioner Is Not Entitled to Mandamus Relief

A district court may grant mandamus relief to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief is extraordinary, and is granted only when essential to the interests of justice. *See Chatman-Bey v. Thornburgh*, 864 F.2d 804, 806 n.2 (D.C. Cir. 1988); *Starnes v. McGuire*,

---

[1] Dr. Webster, a licensed physician, is the Clinical Director at USP Terre Haute. Webster Decl. ¶ 1.

512 F.2d 918, 929 (D.C. Cir. 1974). It is proper only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc). It is plaintiff's burden to show that his "right to issuance of the writ is 'clear and indisputable.'" *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citations omitted).

Petitioner arguably has a clear right to relief and respondent has a clear duty to act insofar as the government is obligated to "provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). However, petitioner does not establish that he is without an adequate remedy at law. For this reason, the Court concludes that petitioner fails to show that his right to a writ of mandamus is clear and indisputable, and, accordingly, the petition must be denied.

### B. The Court Will Grant Summary Judgment for Respondent

#### 1. Summary Judgment Standard

A motion for summary judgment should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the burden of demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material if it affects the outcome of the action under controlling law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The Court neither makes

credibility decisions nor weighs evidence. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). If there are no genuine issues of material fact in dispute, a moving party is entitled to judgment as a matter of law if the opposing party "fails to make a showing sufficient to establish the existence of an element essential to [his] case, and on which [he] will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. at 322. Factual assertions in the moving party's affidavits may be accepted as true unless the opposing party submits his own affidavits or documentary evidence to the contrary. *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992).

2. Petitioner Does Not Show Respondent's Deliberate Indifference to a Serious Medical Need

A successful Eighth Amendment claim must satisfy both parts of a two-pronged test. *Pryor-El v. Kelly*, 892 F. Supp. 261, 272 (D.D.C. 1995). First, a claimant must establish "facts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. at 106. A medical need is serious if it either is diagnosed by a physician as mandating treatment or is so obvious that a lay person easily would recognize the necessity of a physician's attention. *Cox v. District of Columbia*, 834 F. Supp. 439, 441 (D.D.C. 1992). Next, a claimant must allege that defendants acted with a sufficiently culpable state of mind. *See Wilson v. Seiter*, 501 U.S. 294, 297 (1991). No prison official can be found liable under the Eighth Amendment for denying a prisoner's Eighth Amendment rights "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Petitioner's chronic Hepatitis C infection presents a serious medical need as the condition may lead to liver disease, including cirrhosis. *See* Webster Decl. ¶ 4; *cf. Ibrahim v. District of Columbia*, 463 F.3d 3, 6-7 (D.C. Cir. 2006) (alleged failure to treat Hepatitis C, "a chronic and potentially fatal disease, constitutes 'imminent danger'" for purposes of proceeding *in forma papueris* under 28 U.S.C. § 1915(g)). Petitioner utterly fails, however, to establish defendant's deliberate indifference to his medical need.

"The majority of persons with chronic HCV infection are asymptomatic." Resp't Mot., Ex. (Guidelines for the Prevention and Treatment of Viral Hepatitis) at 24. HCV takes "an unpredictable course that is frequently characterized by fluctuations in ALT levels that may or may not be associated with significant liver disease." Webster Decl. ¶ 4. "Only 10-15% of persons with HCV infection develop significant long term complications of liver disease, usually 20-30 years after initial infection." *Id*. ¶ 5. There are no tests to "definitively predict which persons infected with HCV will develop cirrhosis or will respond to medical therapy." *Id.* A liver biopsy is the "best marker for determining who should be offered antiviral therapy" for HCV. *Id.* Biopsy also is the "best means for staging liver disease" in HCV patients and for "identify[ing] other etiologies of liver disease, such as autoimmune hepatitis, alcoholic liver disease, Wilson's disease, and hemochromatosis." *Id.* ¶ 8.

To determine whether an HCV patient should have a liver biopsy, one considers his ALT levels and the hepatitis genotype. Webster Decl. ¶ 8. A liver biopsy generally is indicated for a patient with Genotype 1 because treatment is less effective in such a patient. *Id.* "The greater the ALT level, the more likely it is that a person has significant liver disease." *Id.* Even patients with normal ALT levels may have liver disease and should be evaluated for liver biopsy because

"a small but significant percentage . . . of persons with normal ALT levels" may have fibrosis. *Id.* Patients with "persistently normal ALT levels (at least 6 normal values evenly distributed over a 24-month period), and who have no other physical or laboratory evidence of chronic liver disease, were infected before the age of 35, and have no history of significant alcohol use, are at extremely low risk of severe liver disease." *Id.* It is reasonable to defer a liver biopsy for a patient "with persistently normal ALT levels when the risk of liver disease is extremely low." *Id.* Such a patient "should be monitored with a targeted history and physical examination every 6-12 months, along with a platelet count, AST, ALT, alkaline phosphatase and prothrombin time measurements." *Id.*

BOP guidelines provide that a treating physician should determine the appropriate treatment for an inmate with HCV and the timing of such treatment by weighing several factors. Webster Decl. ¶ 5. Treatment for HCV may include antiviral therapy of "pegylated interferon plus ribavirin." *Id.* Priority candidates for antiviral therapy are patients with abnormal ALT values, with liver biopsy results showing significant fibrosis, and who are willing to undergo treatment and conform to treatment requirements (including abstention from alcohol and drug use). *Id.* ¶ 9. Patients with a "history of psychiatric illness or with signs or symptoms of mental illness" must be assessed, and, if necessary, treated and stabilized prior to treatment with interferon and ribavarin for HCV. *Id.* ¶ 8. If a patient with such a history undergoes treatment, he "must be counseled on the increased risk of side effects, and/or the potential for exacerbations in medical or psychiatric illnesses." *Id.* ¶ 9.

Currently petitioner is not a candidate for a liver biopsy. Webster Decl. ¶ 11. He has a "history of mental illness" as he "has been diagnosed with major depressive disorder and

possible bipolar disorder." *Id.* ¶ 14.  His history also includes suicide attempts, reports of auditory hallucinations, and noncompliance with psychotropic medications.  *Id.*  Petitioner is not on the waiting list for a liver biopsy and will not be placed on the list until he has been "cleared by Psychology Services."  *Id.*  ¶ 11.

Petitioner "is not a priority candidate for antiviral therapy because he does not have abnormal ALT values."  Webster Decl. ¶ 13.  Recent test results show not only that his liver enzyme level is normal, but also that petitioner "has had a very prolonged period of normal ALT levels, in excess of a 24 month period."  *Id.*  These results indicate that petitioner "is not in distress due to his hepatitis C condition."  *Id.*

Since petitioner's arrival at USP Terre Haute in April 2006, he has visited the Infectious Disease Chronic Care Clinic on at least two occasions, and has reported no complaints.  Webster Decl. ¶¶ 12, 14-15.  Blood was drawn in August 2006, and the blood tests "yielded normal ALT levels."  *Id.* ¶ 15.  Petitioner received a vaccination for hepatitis A in July 2006 and will receive a vaccination for hepatitis B when his name reaches the top of the waiting list.  *Id.*  In January 2007 he underwent an ultrasound examination of the liver, which "was found to be normal in size [with] no focal masses present [and] no biliary ductal dilation."  *Id.*  The liver, then, "is essentially normal."  *Id.*

Although petitioner disputes respondent's factual assertions, he submits no affidavits or other evidence to the contrary.  *See generally* Pet'r Opp'n.  Petitioner "claims he is free of" any "mental defects or serious dysfunctional mental problems," *id.* ¶ 3, and either denies or does not recall having undergone the ultrasound examination of his liver.  *Id.* ¶ 6.  However much petitioner disagrees with his course of treatment, *see id.* ¶¶ 10, 14, 17-18, he fails to establish the

existence of genuine issues of material fact in dispute sufficient to withstand respondent's motion.  The record makes clear that respondent is aware of plaintiff's chronic HCV infection and that it has taken steps to monitor petitioner's condition, and, where appropriate, to provide treatment.

### III.  CONCLUSION

Petitioner fails to establish a genuine issue of material fact in dispute or to put forth any evidence tending to show respondent's deliberate indifference to his chronic hepatitis C infection.  Absent such a showing, petitioner's Eighth Amendment claim must fail.  Accordingly, the Court will grant summary judgment for respondent.  An Order consistent with this Memorandum Opinion will be issued separately.

/s/
JOHN D. BATES
United States District Judge

Date:  September 11, 2007